WRIGHT v. FULLING.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

BROKERS—CONTRACTS—CONSIDERATION.

Defendant executed a written contract employing plaintiff for the "consideration hereinafter mentioned" as defendant's manager and agent for the sale of certain real estate. The only consideration mentioned, however, was that plaintiff should be defendant's sole agent in the sale of the property, and should have sole control of other brokers, to be paid by plaintiff out of commissions paid to him by defendant, the amount of

which was to be 10 per cent. of the selling price of each piece, except sales made directly by defendant to personal friends, included in that part of the property which was graded and improved, on which sales plaintiff was to receive 2½ per cent. *Held* that, since plaintiff's services as manager and agent were limited to the sales of the property, and his services were not required as to the improved property, the contract was void for want of consideration as to the agreement to pay 2½ per cent. on sales thereof made by defendant.

Appeal from Westchester County Court.

Action by Isaac E. Wright against Henry Fulling. From a county court judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, he appeals. Modified.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

L. E. Warren, for appellant.
Wm. J. Leitch, for respondent.

JENKS, J. In 1897 the parties executed a contract whereby the defendant, for "the consideration thereinafter mentioned," employed the plaintiff as his manager and agent of certain real estate. The only "consideration thereinafter mentioned" is found in the provisions that the plaintiff is to be the sole agent of the defendant in the sale of the said property; is to employ all brokers, who are to be under his sole control, and are to be paid by him out of the commissions paid to him by the defendant; that the amount of the commissions is to be 10 per cent. of the selling price of each and every building lot sold of the said property, whether sold by the plaintiff or any other party, "excepting the sales made solely and directly" by the defendant "to his personal friends of such lots included in that part of the said property which is now divided into city blocks, and has regularly graded streets and sidewalks and other improvements, upon which sales" the plaintiff "is to receive 2½ per centum of the selling price on the signing of the contract to sell." The plaintiff sues to recover 10 per cent. commissions on those sales, and has recovered a verdict which mathematical analysis demonstrates is based upon an allowance of 10 per cent. on two of the sales and 2½ per cent. on the third sale. The evidence justifies the conclusion that two of these sales were made by or through the plaintiff, pursuant to the terms of the contract. I think, however, that the contract cannot be sustained in respect to the provision that the plaintiff may receive 2½ per cent. on the third sale. Although it first provides that the plaintiff should act as "manager and agent of the real estate," yet there follows the provision, "and the said Isaac E. Wright enters the employ of the said Henry Fulling as his manager and agent for the sale of the said property." Thus these services of the manager and agent are limited to the sales of the property. Moreover, the provision as to the payment of the commission of 2½ per cent. is limited not only to sales made solely and directly by the defendant to his personal friends, but also to such sales made of lots then divided into city blocks with regularly graded streets and sidewalks and other improvements.

So that it would appear in any event that the services of a manager of the estate were not required as to such property. And on cross-examination the plaintiff testifies that every service he rendered, except the sale of the lots, was under another contract, described as that of May 15th, for which he had been paid in full. I think that no legal consideration appears whereby the plaintiff, as manager and agent for the sale of the said property, can enforce the promise to pay him a 2½ per cent. commission upon the third sale. Hamlin v. Wheelock, 42 Hun, 530, appeal dismissed 117 N. Y. 656, 22 N. E. 1133. I think that this is not a case for an extra allowance, in view of Standard Trust Co. v. N. Y. C. & H. R. R. Co., 178 N. Y. 407, 70 N. E. 925.

I advise that the judgment be modified by deducting therefrom $24.75, representing the 2½ per cent. commission, and also by striking out any extra allowance; and, as thus modified, it be affirmed, without costs of this appeal to either party.

Judgment and order of the County Court of Westchester county modified in accordance with the opinion of JENKS, J., and, as modified, affirmed, without costs of this appeal to either party. All concur.